[No. 1993.]

## THE BUCKEYE MINING AND MILLING COMPANY v. CARLSON ET AL.

1. MINES AND MINING—CONTRACTS—SINKING SHAFT.

A contract for sinking a mining shaft recited that the mining company was the owner of a certain "lode mining claim" and "now has upon said lode a shaft 115 feet in depth and desires to sink the same an additional depth of 110 feet." Nothing further was said in the contract about sinking the shaft on the lode or vein. In an action on the contract for sinking said shaft, defendant set up as a defense that the shaft was not sunk all the way upon the vein, but departed from it. *Held* that the contract did not obligate plaintiff to sink the shaft on the vein, and that the meaning of the contract was that the shaft could be extended on the same course and in the same direction as the old one.

2. APPELLATE PRACTICE—FINDINGS OF FACT.

The appellate court will not reverse the judgment of the lower court upon a question of fact unless the finding of the lower court is manifestly against the weight of the evidence.

3. CONTRACTS—OBJECTIONS WAIVED.

Plaintiff contracted to sink a mining shaft for defendant 110 feet. At the depth of seventy feet defendant settled with plaintiff, paying the entire amount then due. In an action on the contract for the balance when the shaft was completed, defendant claimed damages on the ground that when the shaft had been sunk eighteen feet it departed from the vein and continued thereafter in the country rock. *Held* that defendant by settling with plaintiff without objection when the shaft had reached a depth of seventy feet, had placed a construction upon the contract that the shaft was not required to follow the vein, and was precluded from putting another and different construction upon it after the entire work was completed.

*Appeal from the County Court of Boulder County.*

Mr. GEORGE S. ADAMS, for appellant.

Messrs. GIFFIN & ROWLAND, for appellees.

WILSON, P. J.

This suit was brought to recover a balance upon an account

due to plaintiffs for work and labor performed by them in sinking a shaft upon a lode mining claim of the defendant company. The contract was in writing. That portion of it which is essential to the understanding and determination of the controversy is as follows :

" That whereas, first party is the owner of the I X L lode mining claim in Magnolia Mining District, County of Boulder and State of Colorado, and whereas said company now has upon said lode a shaft 115 feet in depth and desires to sink the same an additional depth of 110 feet, and whereas second parties have agreed to so sink said shaft :

" Now therefore, for and in consideration of the premises, first party agrees to pay at the time and in the manner hereinafter specified to second party eleven (11) dollars per foot for sinking said shaft. In consideration whereof, second parties agree to begin work on or before the 20th day of June, A. D. 1898, and thereafter to work at least three (3) shifts per day, and that should he cease to work said property for a period of six days, such cessation will work a forfeiture of this contract, to sink said shaft an additional depth of 100 feet."

The defense is, that plaintiffs failed to comply with their contract in this, that they did not sink the shaft throughout its entire extension on and upon the vein. It seems to have been conceded that in all other respects the provisions of the contract were carried out. The position of the defendant as stated by its counsel in open court was: " That the shaft, eighteen feet from the point where they commenced work, was sunk off and away from the vein of ore ; that it was sunk in the country rock. We contend, that by reason of that, that damages of defendant have arisen." All that is said in the contract as to the location of the shaft is contained in that portion of it which we have quoted. It appears from this that there was no agreement on the part of plaintiffs to sink the shaft on the vein, and no requirement in the contract to that effect. It is a matter of common knowledge that in mining communities, among miners the word " lode " is very frequently used as synonymous with " lode mining claim."

It is manifest that the word was used in such sense in this contract. It is recited in the preamble to the contract, first, that the company is "the owner of the I X L lode mining claim;" second, that it "has upon said lode a shaft 115 feet in depth and desires to sink the same an additional depth of 110 feet;" and that the second parties "have agreed to so sink said shaft." The use of the word "said" before the word "lode," qualifies the meaning of the latter, and refers specifically to what had preceded, and that was the words, "lode mining claim." It was nowhere said that the old shaft had been sunk upon, or that the extension was to be upon the lode *in* said mining claim, or the vein. Again, the only reasonable inference from the contract was that the parties could extend the shaft on the same course and in the same direction as the old one.

Conceding, however, the position of defendant to have some support, the question upon which it bases its defense was one of fact. There was a very considerable amount of testimony to the fact that the shaft as extended had not departed from the vein, and therefore, even if defendant's contention as to the meaning of the contract is correct, we could not reverse the judgment, because it was not manifestly against the weight of the evidence.

An additional reason why the judgment should be sustained is that when the shaft was extended to a depth of seventy feet, the defendant settled with plaintiffs, paying them the entire amount due them, without objection or protest, although defendant now claims that when only the first eighteen feet of work had been done, the shaft had departed from the vein, and continued thereafter in the country rock. If there was any doubt as to the meaning of the contract, the defendant by this act placed its own construction upon it, and would be precluded from putting another and a different construction upon it, as it now attempts to do, after the entire work had been completed.

The judgment will be affirmed.

*Affirmed.*